UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHARI L. GILL** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 07-265-RET-DLD** |
| **TURNER INDUSTRIES GROUP, LLC** | |

### MAGISTRATE JUDGE'S REPORT

This gender discrimination case is before this Court on defendant's partial motion to dismiss pursuant to Federal Rule Civil Procedure 12(b)(6)(rec. doc. 10). The motion is opposed, in part. This Court has jurisdiction over this matter on the basis of federal question jurisdiction, 28 U.S.C. §1331.

**Background and Argument of Parties**

Plaintiff, Shari L. Gill, is a former employee of defendant, Turner Industries Group, LLC (rec. doc. 1). Plaintiff filed suit against defendant on April 24, 2007, alleging that defendant unlawfully discriminated and retaliated against her on the basis of her gender and/or sex in violation of 42 U.S.C. §1981, 42 U.S.C. §2000e, *et seq*, and La. R.S. 23:301. Id. Plaintiff further alleges that, while employed, defendant subjected her to other torts and violated her Fifth and Fourteenth Amendment constitutional rights. Id.

Defendant moves this Court for an order dismissing plaintiff's claims brought pursuant to 42 U.S.C. §1981 and the Fifth and Fourteenth Amendments of the United States Constitution (rec. doc. 10). Defendant argues that Section 1981 provides for claims for race discrimination only, not gender or sex discrimination (rec. doc. 11). Defendant further argues that plaintiff has not alleged, nor can it allege, that defendant is a

governmental actor, which is required for plaintiff to maintain a claim based on the Fifth and Fourteenth Amendments. Id.  Plaintiff admits that defendant is not a governmental actor (rec. doc. 16).  Plaintiff argues, however, that Section 1981 allows for claims based on gender and/or sex discrimination. Id.

## Law and Analysis

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007), citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id., citing Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id., citing *Bell Atl. Corp.,* 127 S.Ct. at 1965 (quotation marks, citations, and footnote omitted).

In order to state a claim based on the on the Fifth and Fourteenth Amendments, defendant must be a governmental actor. See *Wheat v. Mass*, 994 F.2d 273 (5th Cir. 1993); *Newsome v. E.E.O.C.*, 301 F.3d 227 (5th Cir. 2002).  Plaintiff admits that defendant is not a governmental actor (rec. doc. 16).  Thus, it is recommended that plaintiff's complaint fails to state a claim based on the Fifth and Fourteenth Amendments.

Defendant also brings a claim under Section 1981, which provides that "[a]ll persons within the jurisdiction of the United States shall have the same right ... to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and

proceedings for the security of persons and property as is enjoyed by white citizens...," allows for claims for gender and/or sex discrimination.  Despite defendant's arguments to the contrary, Section 1981 does not support a claim for gender and/or sex discrimination. *Rhyce v. Martin*, 173 F.Supp.2d 521 (E.D. La. 2001), citing *Bobo v. ITT, Cont'l Baking Co.*, 662 F.2d 340, 342 (5th Cir. 1981).  Thus, it is recommended that plaintiff's complaint fails to state a claim for gender and/or sex discrimination pursuant to Section 1981.

Accordingly,

**IT IS RECOMMENDED** that defendant's partial motion to dismiss (rec. doc. 10) should be **GRANTED** as follows:

1)   Plaintiff's claims based on the Fifth and Fourteenth Amendment should be DISMISSED, with prejudice; and

2)   Plaintiff's claim for gender and/or sex discrimination based on 42 U.S.C. §1981 should be DISMISSED, with prejudice.

Signed in Baton Rouge, Louisiana, on January 31, 2008.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHARI L. GILL** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 07-265-RET-DLD** |
| **TURNER INDUSTRIES GROUP, LLC** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 31, 2008.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**